IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | Crim. No. CCB-19-36 |
| | * | |
| DOMANEEK BRADLEY | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**<u>MEMORANDUM AND ORDER</u>**

Now pending is Domaneek Bradley's pro se motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). (ECF 456).[1] Bradley requests compassionate release on the basis of unsanitary conditions at FCI Fort Dix, and also suggests that his underlying health conditions (family history of diabetes, anxiety, and a 2017 surgery on his wrist and hand) make him more vulnerable to COVID-19.

First, the court is not persuaded that Bradley's underlying conditions rise to the level of an "extraordinary and compelling reason" warranting a sentence reduction within the meaning of § 3582(c)(1)(A)(i).[2] The Centers for Disease Control ("CDC") has issued guidance on underlying conditions that increase an individual's risk of severe illness related to COVID-19. *See Coronavirus Disease 2019 (COVID-19): People with Certain Medical Conditions*, CDC,

---

[1] Bradley styles his motion as a "petition for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) and the First Step Act, Sec 603(b)." (ECF 456). Section 603(b) is the provision of the First Step Act that modified the compassionate release statute to allow defendants to directly petition the court for compassionate release. *See* Pub. L. 115-391, Title VI, § 603(b), Dec. 21, 2018, 132 Stat. 5239.

[2] According to the United States Sentencing Commission, "extraordinary and compelling reasons" exist where (A) the defendant is suffering from a terminal or serious medical condition; (B) the defendant is over 65 years old, has failing health, and has served at least ten years or 75 percent of his sentence, whichever is less; (C) the caregiver of the defendant's minor child dies or becomes incapacitated, or the defendant's spouse or partner becomes incapacitated and the defendant is the only available caregiver; or (D) "other reasons" as determined by the Bureau of Prisons ("BOP"). *See* U.S.S.G. § 1B1.13 cmt. n.1(A)–(D). The BOP criteria for "other reasons" justifying a sentence reduction are set forth in Program Statement 5050.50 ("Compassionate Release/Reduction in Sentence: Procedures for Implementation of 18 U.S.C. §§ 3582 and 4205(g)"). As this court and others have held, however, the court possesses independent discretion—guided, but not bound by, Sentencing Commission and BOP criteria— to determine whether there are "extraordinary and compelling reasons" to reduce a sentence. *See United States v. Decator*, --- F. Supp. 3d ----, 2020 WL 1676219, at *3 (D. Md. Apr. 6, 2020) (citing cases).

1

https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (updated July 17, 2020). Neither anxiety nor general surgical history are listed as risk factors. *Id*. And while diabetes is listed as a risk factor, a family history of diabetes is not. *Id*. Moreover, Bradley provides no medical or other documentation suggesting he is at greater risk of serious illness related to COVID-19.

Second, while the court acknowledges Bradley's concerns about the conditions at Fort Dix, without evidence that Bradley himself is particularly vulnerable to COVID-19, the court does not find that the conditions provide a basis for compassionate release.[3]

Accordingly, Bradley's motion for compassionate release (ECF 456) is DENIED.

So Ordered this 22nd day of July, 2020.

/S/
_____
Catherine C. Blake
United States District Judge

---

[3] To the extent that Bradley seeks to make a claim under the Eighth Amendment, (ECF 46 at 10), that claim is not properly raised in a compassionate release motion.

2